PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRIORITY MAIL EXPRESS
POSTAGE REQUIRED

# PRIORITY MAIL EXPRESS™

OUR FASTEST SERVICE IN THE U.S.

FOR DOM
PL

LEGAL MAIL

LEGAL MAIL

WHEN USED INTERNATIONALLY, A CUSTOMS DECLARATION LABEL MAY BE REQUIRED.

EP13F July 2013  OD: 12.5 x 9.5

PS10001000006

VISIT US AT USPS.COM
ORDER FREE SUPPLIES ONLINE

* Money Back Gu destinations. Se
+ Money Back Gu

GUARA!
GUARA!
USPS Tr
INSURA
PICKUP
SIGNAT

UNITED STATES POSTAL SERVICE®  Click-N-Ship®

usps.com  9470 1036 9930 0042 8352 21 0255 0000 3077 9720
$25.50
US POSTAGE
Flat Rate Env
03/13/2019      Mailed from 20003  C62S2DC000309

E

PRIORITY MAIL EXPRESS 2-DAY™

Scheduled Delivery Date 03/15/19

C012

0007

SARA ELIZABETH DILL, ESQ.
80 M ST SE
WASHINGTON DC 20003-3544

WAIVER OF SIGNATURE
SCHEDULED DELIVERY 3:00 PM

SHIP TO:
HUSSEIN YASSINE
REGISTER NO. 92619-280 / FCI BIG SPRING
1900 SIMLER AVE
FEDERAL CORRECTIONAL INSTITUTION
BIG SPRING TX 79720-7789

USPS TRACKING #

9470 1036 9930 0042 8352 21

**EXHIBIT M**

## ASSIGNMENT AGREEMENT

This Assignment Agreement and (hereinafter referred to as the "Agreement") is entered into as of the Effective Date of this Agreement (as defined herein), by Anthony Iaderosa (hereinafter "Iaderosa") and Hussein Ali "Mike" Yassine (hereinafter "Yassine"), hereinafter referred to individually as a "Party" and collectively as "the Parties."

## RECITALS

This is a dispute between multiple individuals regarding the recovery of alleged gambling losses and/or winnings and various other claims and discovery requests, including related litigation with John Webb (hereinafter "Webb"). This includes, but is not limited to, Case No. 17 L 79, Hussein Ali Yassine v. John Webb in Kankakee County, Illinois (hereinafter the "Kankakee Litigation");

Iaderosa has appeared as an intervening party in the Kankakee Litigation.

The Parties agree that nothing in this Agreement is intended as an admission of fault or liability by any Party; and

In consideration of the above Recitals and the mutual covenants stated below and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree as follows:

1. **Yassine's Obligations in the Kankakee Litigation.**

Within five (5) days of the Effective Date (as defined herein) of this Agreement, Yassine shall terminate the services of his current attorney, Tony Brasel, due to his collusion with and relationship with Webb, and retain new counsel. Through new counsel, Yassine agrees to take all necessary action and use his best efforts to obtain a favorable result in the Kankakee Litigation, and/or to undertake steps that will benefit but at a minimum, not harm, Iaderosa. There are no guarantees of a successful outcome of the litigation despite Yassine's best efforts.

Yassine agrees that his attorney will consult with Iaderosa's counsel in the same or similar way that parties would pursuant to a joint defense or other similar litigation strategy agreement, including the agreement to not disclose the facts or circumstances or existence of this agreement without prior written consent of Iaderosa. Yassine agrees not to take any action in the Kankakee or other litigation that would be harmful, adverse to, or inconsistent with Iaderosa's interests.

Yassine will also provide full information as to the facts and circumstances leading up to the Kankakee Litigation, the strategies and involvement of Webb and his current attorney, Tony

Brasel, and any other facts or evidence that will aid Iaderosa in the Kankakee Litigation involving Webb or in any other litigation involving the same or similar circumstances.

### 2. Iaderosa's Payment Obligation to Yassine.

Iaderosa agrees to pay a sum of $150,000.00 (One Hundred Fifty Thousand Dollars) as follows:

The first payment of $75,000.00 (Seventy-Five Thousand Dollars) will be made within seven (7) days from the date of Yassine's execution of this Agreement, the power of attorney, the dismissal of Attorney Brasel, and retaining of new counsel in Kankakee County, whichever occurs last. This payment will be made by paying $50,000 (Fifty Thousand Dollars) of the above-mentioned sum directly as attorney's fees to an immigration attorney in Texas. The remaining $25,000.00 (Twenty-five Thousand Dollars) will be paid directly to Manal Broeckelman as repayment for funds and monies she paid on Yassine's behalf.

The second payment of $25,000.00 (Twenty-Five Thousand Dollars) will be made sixty days from the date of the first payment, directly to Manal Broeckelman, as repayment for funds and monies she paid on Yassine's behalf.

The third payment of $50,000.00 (Fifty Thousand Dollars) will be made ninety days from the date of the second payment, or upon conclusion of all of the litigation involving Webb and Iaderosa, whichever occurs first. This payment will be made directly to Manal Broeckelman, as repayment for funds and monies she paid on Yassine's behalf.

In addition to the $150,000.00 listed above, Iaderosa also agrees to pay the attorney's fees for the new attorney in Kankakee Litigation.

In the event a payment is more than seven (7) calendar days late, Iaderosa will pay an additional $25 per day for every day beyond the seven days that the payment is late. If either party ceases performance, the other party may halt performance until the defect in performance is cured or the party decides cure is not possible and redress will need to be sought in court.

### 3. Yassine's Obligation to Execute a Power of Attorney.

Contemporaneous with the execution of this Agreement, Yassine shall execute a power of attorney terminating any previous power of attorney granted to Webb, and naming his cousin, Manal Brockelman, as sole power of attorney until all legal or litigation matters involving both Webb and Iaderosa are complete and final, including any resulting appeals. A copy of said Power of Attorney is attached as Exhibit A.

### 4. Yassine's Obligations In All Litigation in Which Both Iaderosa and Webb are Parties.

2

Yassine agrees to provide continued and prompt assistance in all other litigation in which Webb and Iaderosa are both parties, including but not limited to: background information, evidence, witnesses, asset information, discovery, or any other necessary duties, assistance or activities.

5. **Assignment of Claims.**

In the event that Yassine obtains any monetary judgment against Webb in the Kankakee Litigation (the "Judgment"), Yassine hereby assigns all right, title and interest in such Judgment to Iaderosa or to any person or entity designated by Iaderosa in his sole discretion. Yassine agrees to execute any additional documents upon the request of Iaderosa in order to effectuate the intent of this Section 5, including but not limited to an assignment of judgment form should the Judgment be entered.

6. **Notices and Delivery.**

Notice and the delivery of documents, when required by this Agreement, shall be effective upon receipt. Notice and/or delivery shall be given in writing and sent by Certified U.S. Mail Return Receipt Requested, or other means with delivery confirmation, or via email, to addresses that will be confirmed between the parties and/or their counsel.

7. **Binding Agreement.**

The Parties acknowledge and agree that this Agreement shall be binding upon all Parties and their respective agents, representatives, successors, assigns, executors, beneficiaries, heirs, and legal representatives, and the provisions of this Agreement shall inure to the benefit of the Parties hereto and their respective agents, representatives, successors, assigns, executors, beneficiaries, heirs, and legal representatives.

8. **No Admission of Liability.**

The Parties have entered into this Agreement solely for the purpose of avoiding the nuisance, risk, and expense of litigation. This Agreement is not intended and should be not be construed as an admission of liability by any Party because all such liability is expressly denied by each Party.

9. **Attorneys' Fees and Costs.**

In the event that any Party brings and action, suit or proceeding against another Party arising out of or in any way connected this the Agreement, the prevailing party in such action shall have the right to collect from the other party its reasonable costs, necessary disbursements and

attorneys' fees incurred in enforcing this agreement. The prevailing party is the party that is awarded the greater relief in the resolution of a dispute.

### 10. Governing Law.

This Agreement is made and performable in Illinois, and the validity, effect, and construction of this Agreement shall be governed by the laws of the State of Illinois.

### 11. Invalidity.

In the event that any one or more of the provisions of this Agreement is, for any reason, held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision of this Agreement, the remainder of which shall have its full effect.

### 12. Amendment.

This Agreement may not be amended, modified, waived, or terminated unless in writing signed by all Parties hereto.

### 13. No Waiver.

The failure of any Party to enforce at any time any provision of this Agreement shall not be construed to be a waiver of such provision, nor in any way to affect the validity of this Agreement or any part hereof, or the right of any Party thereafter to enforce each and every such provision. No waiver of any breach of this Agreement shall be held to constitute a waiver of any other breach.

### 14. Construction of Agreement.

This Agreement shall not be construed in favor of or against any Party on the basis that the Party did or did not author this Agreement, including any attachment hereto. It is intended that this Agreement shall be comprehensive in nature and shall be construed liberally to affect its purposes.

### 15. Headings.

Paragraph headings used in this Agreement are for convenience only and shall not affect construction.

### 16. Warranty of Understanding.

By executing this Agreement, each Party represents and warrants the following:

    a. That before signing this Agreement, the Party consulted with his/her/its own

4

counsel regarding the contents herein or is knowingly, voluntarily, intelligently and willingly waiving the right to consult with counsel;

        b.        That this Agreement was voluntarily executed by the Party only after having fully understood and after willingly accepting each and every term and provision described herein; and

        c.        That no other Party or anyone else acting on behalf of a Party has made any promise or representation regarding this Agreement which is not expressly stated herein.

### 17. Entire Agreement.

The Parties agree that this Agreement constitutes the full, final and complete settlement of the differences between them, and supersedes all other written or oral exchanges, representations, agreements, or understandings between them concerning the subject matter of this Agreement, and further agree that they are not relying on any exchanges, representations, agreements or understandings, oral or written, concerning the subject matter of this Agreement that are not fully expressed and incorporated herein, including the Recitals which are incorporated herein, thereby barring any and all claims by any Party which asserts that they were fraudulently induced into entering into this Agreement.

### 18. Cooperation.

The Parties agree to cooperate fully and execute any supplementary documents and take all additional actions that may be reasonably necessary or appropriate to give full force and effect to the terms and intent of this Agreement.

### 19. Counterparts.

This Settlement may be executed in counterparts, and each executed counterpart shall have the same validity, force and effect as the original. Signature pages may be transmitted by facsimile or email, and a signature transmitted in this manner shall be deemed an original and shall be admissible in evidence.

        20.        **Effective Date.** This Agreement is effective on the date of signature of the last signatory to the Agreement (the "Effective Date of this Agreement").

[SIGNATURES OF THE PARTIES TO FOLLOW ON THE NEXT PAGE]

The Parties Hereby Agree That They Have Read The Foregoing Agreement And That They Understand Each Of Its Terms and Conditions.

**Anthony Iaderosa**

_____

Date: _____

**Hussein Ali Yassine**

_____

Date: _____