# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
### Eastern Division

John Webb

        Plaintiff,

v.        Case No.: 1:24−cv−04082
        Honorable Sunil R. Harjani

Quintairos, Prieto, Boyer & Wood, P.A., et al.

        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, October 1, 2024:

        MINUTE entry before the Honorable Sunil R. Harjani: Motion hearing held. The Court grants Plaintiff's motion to amend the complaint [40]. Rule 15(a)(1) allows a plaintiff to amend their pleading as a matter of course 21 days after service of a responsive pleading. Here, Defendants filed their motions to dismiss on 9/3/24 and Plaintiffs timely filed their motion to amend the complaint on 9/24/24 along with the proposed amended complaint as Exhibit 1. The wrinkle here is that the Court previously granted Defendants' Rule 12(f) motion to strike for failure to have an attorney of record sign the complaint. Importantly, that motion to strike did not extinguish Defendants' right to file a motion to dismiss under Rule 12(b) as its responsive pleading, instead of filing an answer to the refiled complaint with the proper signature. As such, the Court finds that Plaintiff's right to amend the complaint in response to the Rule 12(b) motions pursuant to Rule 15(a)(1) is also not extinguished. Furthermore, the 2009 Advisory Committee Notes to Rule 15(a) discuss the purpose of allowing leave to amend, so that a defendant may point out issues that the original pleader had not considered and attempt to cure the deficiencies in an amended complaint. While Defendants believe that it does not, that is their prerogative, and their next step is to file a new motion to dismiss on the amended complaint, as many defendants do in this fairly typical situation. Defendant's reliance on the motion to strike is also misplaced, as the arguments therein were not substantive, thus depriving the Plaintiff of an opportunity to attempt to cure any deficiencies under Rule 15(a)(1). Even if Rule 15(a)(1) did not apply, the Court finds that leave must be freely granted under Rule 15(a)(2). While the Court sympathizes that some additional work will need to be done on the new motions to dismiss, it appears that many of the arguments will remain the same and the primary revisions will concern the Rule 12(b)(6) prong of the motion, and thus the filing of new motions to dismiss will not be a particularly heavy lift. Plaintiff shall file the amended complaint as a separate entry on the docket today. Motions to dismiss [30, 31, 32, 33, 35] are denied as moot with leave to refile by 10/22/24; response brief due by 11/8/24 and reply brief due by 12/2/24. The Court's prior guidance on the filing of a consolidated response and reply brief continues to apply. In addition, the Court urges the defendants to consolidate their motions to dismiss by filing a more limited number of briefs and adopt arguments from defendants who have taken primary responsibility on certain issues. Mailed notice(lxs, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.