**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN WEBB, | |
| Plaintiff, | Case No. 24 cv 04082 |
| v. | Honorable Sunil R. Harjani |
| QUINTAIROS, PRIETO, WOOD & BOYER, P.A., MAXSON MAGO & MACAULAY, LLP, MICHAEL COHEN, ESQ., ANTHONY SCHUMANN, ESQ., SARA ELIZABETH DILL, ESQ., STEVEN A. WOOD, ESQ., ADVANCED INVENTORY MANAGEMENT, INC. d/b/a SYNERGY SURGICAL, ANTHONY IADEROSA JR., FRED SYLVESTER, and HUSSEIN ALI YASSINE, | |
| Defendants. | |

## <u>MEMORANDUM OPINION AND ORDER</u>

John Webb alleged that the Defendants orchestrated a multi-year conspiracy intended to conceal illicit gambling operations, defraud him of gambling winnings, and obstruct his efforts to pursue and defend against claims in state court. To do so, he filed an eight-count Amended Complaint which set out federal claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.*, as well as state-law claims for fraud, negligent misrepresentation, conspiracy to defraud, and negligent retention. On the Defendants' motions, the Court dismissed the Amended Complaint without prejudice on March 18, 2025. Webb was given until April 8, 2025, to file an amended complaint or the dismissal would automatically convert to a dismissal with prejudice. Webb did not file a Second Amended Complaint and the dismissal automatically converted to with prejudice. Typically, such an action would mark the end of filings in a litigation. But that is not the case here.

After the case was closed, Defendants Quintairos, Prieto, Boyer & Wood, P.A., Anthony Schumann, Steven A. Wood (the "QPWB Defendants"), Defendants Advanced Inventory Management, Inc., Anthony Iaderosa Jr., Fred Sylvester (the "Iaderosa Defendants"), and Defendants Michael Cohen, Maxson Mago & Macaulay, LLP (the "EM3 Defendants") filed three separate motions for sanctions. [61], [62], [64]. Defendants contend that Webb, his counsel Michael Huseman, and his firm Dreyer, Foote, Streit, Furgason & Slocum, P.A. should be sanctioned because the complaint in this case was filed for an improper purpose and the claims were not warranted by existing law or fact. Plaintiff contends that the Rule 11 sanctions motions are procedurally deficient and are without merit. [68], [69], [70]. For the reasons stated below, Defendants' motions [61] [62] [64] are denied.

## Background

The Court assumes familiarity with the background of this litigation, which was discussed at length in the Court's prior opinion and will not be restated here. *See Webb v. Quintairos, Prieto, Wood & Boyer, P.A.*, 2025 WL 843400, at \*1–2 (N.D. Ill. Mar. 18, 2025). At a high level, this litigation arose out of Webb's use of an alleged illicit gambling website from 2013 to 2016 and the resulting state court cases involving these parties. In this case, Webb alleged that Defendants engaged in a series of criminal acts to intimidate Webb and those around him. Specifically, Webb brought two civil RICO claims and several claims under Illinois law.

The Court reviewed Webb's claims and, on the Defendants' motions, dismissed the Amended Complaint. However, that dismissal was without prejudice—while the Amended Complaint was insufficient, further amendment was not futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519–20 (7th Cir. 2015). While the Court cautioned Plaintiff that "unduly convoluted, inflammatory, and confusing allegations do not aid in his goal of proceeding on these claims" and reminded Plaintiff's counsel of his obligations under Rule 11, the Court's dismissal was still without prejudice. [58] at 27. The dismissal converted to a dismissal with prejudice when Plaintiff failed to file an amended complaint. [59].

## Discussion

Defendants contend that Plaintiff and his counsel should be subject to Rule 11 sanctions for filing this complaint for an improper purpose, that the claims were not warranted by existing law or facts, and that, although not addressed in the Opinion dismissing the complaint, the Court should consider the Plaintiff's state law claims when evaluating the motive for filing this case.[1] Plaintiff responds that Defendants' Rule 11 claims are procedurally defaulted because they did not provide the motion to Plaintiff before filing it and they did not send an additional warning letter after he filed the Amended Complaint on October 1, 2024. Plaintiff further argues that he did not have an improper purpose in filing this case and that his RICO and state law claims were not frivolous.

### I.    Procedural Default

Before turning to the merits of the Defendants' claims, Plaintiff contends that all the Defendants' Rule 11 sanctions are procedurally deficient. As part of this analysis, it is important to note that the Seventh Circuit is an outlier in its interpretation of the safe harbor requirements for Rule 11. *See N. Illinois Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880, 887 (7th Cir. 2017) (discussing how the Seventh Circuit alone adopted a substantial compliance theory for the warning-shot requirement under Rule 11). While the federal rule requires both "a motion" and

---

[1] The EM3 Defendants also ask for sanctions under 28 U.S.C. § 1927 and the Court's inherent authority. [64]. Section 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. A court's inherent authority to sanction "'is a residual authority, to be exercised sparingly' and only when other rules do not provide sufficient basis for sanctions[.]" *Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 614 (7th Cir. 2006) (quoting *Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co.*, 313 F.3d 385, 390–91 (7th Cir. 2002). However, as the EM3 Defendants did not make separate arguments for sanctions under either of these standards and instead merely grouped them into their Rule 11 arguments, the Court will analyze them under the Rule 11 standard.

"service" of that motion on the opposing party under Rule 11(c)(2), the Seventh Circuit softened these requirements and found the safe harbor requirement is met where there is substantial compliance. *Nisenbaum v. Milwaukee Cnty.*, 333 F.3d 804, 808 (7th Cir. 2003). If the warning letter or demand letter sent is in substantial compliance with the Rule's requirements, this is sufficient to obtain the safe harbor in the Seventh Circuit. The fact that Defendants only sent warning letters and not the actual motions does not make their notice insufficient.[2] Thus, the Court looks to whether the Defendants sent warning letters to entitle them to the safe harbor.

Plaintiff argues that the QPWB Defendants sent him a Rule 11 letter on July 16, 2024, but did not renew that letter after he filed an amended complaint with substantive changes. [68] at 4–5. The QPWB Defendants argue, contrary to Plaintiff's claim, that they sent letters after each of the amended complaints were filed and attached those letters to their reply. [75] at 2; [75-1]; [75-2]; [75-3]. These letters dated July 16, 2024, August 14, 2024, and October 18, 2024, respectively, follow the filing of each of Plaintiff's amended complaints. [75-1]; [75-2]; [75-3]. Therefore, the QPWB Defendants have supported their request for the Rule 11 safe harbor.

However, the same cannot be said for the other defendants. Plaintiff argues that the Iaderosa Defendants did not send him any Rule 11 warning letters, which the Iaderosa Defendants do not contest, and instead rely on the letters sent by other Defendants. [70] at 4–5; [77] at 3. The Iaderosa Defendants provide no legal precedent to establish that they can rely on another defendant's Rule 11 letter to make an independent claim for Rule 11 sanctions. The Court finds that the Iaderosa Defendants did not substantially comply with the Rule 11 safe harbor requirements. Likewise, Plaintiff contends that the EM3 Defendants did not send a second follow-up Rule 11 letter after Plaintiff filed his Amended Complaint on October 1, 2024. [69] at 3. While the EM3 Defendants argued about the sufficiency of their August 14, 2024, letter, they did not respond to or dispute Plaintiff's claim that they did not send a second letter after he amended his complaint. [76] at 2. Therefore, in response to the only Rule 11 letter sent by the EM3 Defendants, Plaintiff amended his complaint. Where an opponent avails itself to the "warning shot" by withdrawing or amending a challenged filing, sanctions are inappropriate. *Mallette v. Waste Mgmt. of Illinois, Inc.*, 2025 WL 815421, at *5 (N.D. Ill. Mar. 13, 2025). Thus, neither the Iaderosa Defendants nor the EM3 Defendants substantially complied with Rule 11(c) and cannot bring Rule 11 sanctions.

## II.    Merits

For the QPWB Defendants, and even if the Iaderosa Defendants and EM3 Defendants were not in procedural default, they still face a heavy burden when bringing a Rule 11 sanctions claim. *Fed. Deposit Ins. Corp. v. Tekfen Const. & Installation Co.*, 847 F.2d 440, 444 (7th Cir. 1988). Courts consider the objective reasonableness of the filing with the focus being on the "conduct and not result; losing a legal challenge or motion, by itself, is not a reason for sanctions." *Mazurek v. Metalcraft of Mayville, Inc.*, 110 F.4th 938, 942 (7th Cir. 2024). "Federal Rule of Civil Procedure 11(b) requires attorneys presenting a pleading or other paper to the court to certify, among other requirements: (1) the pleading or other paper is not being provided to unnecessarily delay or needlessly increase the cost of litigation; (2) the claims are supported by existing law or a nonfrivolous argument for modifying the law; and (3) the factual contentions have evidentiary

---

[2] Plaintiff does not argue the substance of the letters was insufficient for the safe harbor, so the Court does not address this.

support." *Id.* (citing FED. R. CIV. P. 11(b)). Rule 11(c) sanctions may be imposed if a lawsuit is not well grounded in fact and is not warranted by existing law or if the party or the attorney bringing the suit is doing so for an improper purpose. However, as "sanctions can harm the reputation of attorneys and chill the creativity of counsel, care must be taken in their issuance." *Id.* The Court has "considerable discretion in deciding whether to issue Rule 11 sanctions." *Hinterberger v. City of Indianapolis*, 966 F.3d 523, 529 (7th Cir. 2020).

Defendants' main argument is that the complaint was filed for the improper purpose of having the attorney defendants in this case (QPWB Defendants and EM3 Defendants) disqualified as the Iaderosa Defendants counsel in the Will County case. According to Defendants, because Webb moved to disqualify the QPWB Defendants and EM3 Defendants in the Will County case a few weeks after filing this case, that is evidence that the federal RICO claims were filed for an improper purpose of interfering with the Iaderosa Defendants' defense in the Will County case. Plaintiff responds that he could have filed the motion for disqualification without this federal case, and that since he maintained the federal case after the disqualification motion was denied in Will County, it cannot form the basis of an improper purpose for bringing this case.

While the timing of the filing of this case and motion for disqualification is suspect and the Court does not condone the bringing of a federal claim to instigate the filing of a disqualification motion in a state court matter, it is not clear that this was the motivating purpose for filing the RICO claims. As Plaintiff notes, he continued to pursue this litigation long after losing the disqualification motion in Will County, including filing a substantively changed amended complaint and defending against the Defendants' motions to dismiss. Further the motion for disqualification was immediately denied by the Will County court and had no impact in that litigation. [68] at 7; [77] at 5.

Second, Defendants contend that this case had an improper purpose because many of the claims and allegations mirrored those made in the sanctions motion brought by Lawson, Webb's mother, against the Iaderosa Defendants in the Will County case. While Webb concedes the similarities between the claims, he contends that the motion in Will County was brought by his mother, Lawson, and not him. Defendants respond that regardless of who brought the motion, that Huseman was the attorney for both.

Defendants heavily rely on *Dremco, Inc. v. Diver*, 2014 WL 3056838 (N.D. Ill. July 7, 2014) to make the argument that Plaintiff and his counsel should be sanctioned for bringing these RICO claims. In *Dremco*, the parties were fighting over the control of a homeowners' association in DuPage County court when the plaintiff filed a federal complaint against the same defendants that was "copied nearly verbatim" from its state court complaint but as a RICO claim. *Id.* at *1. As the court put it the "case was doomed from the start." *Id.* at *2. The court found it "disturbing . . . that the parties were already engaged in a state court action at the time this suit was filed regarding the *exact same facts* at issue here." *Id.* at *2 (emphasis in original). The court found that neither plaintiff nor its attorneys could provide "a single legitimate reason as to why filing this additional suit was proper when another cause of action involving the same underlying facts was already ongoing, despite repeatedly being given the opportunity to do so." *Id.*

Here, while there are overlaps between the parties and the general underlying factual circumstances, the Defendants point to an "omnibus" sanctions motion filed in the state court that was similar to the federal RICO claim brought here, and *not* the state court complaint. [61] at 7; [62] at 4–5; [64] at 8. Thus, Defendants fail to demonstrate that the situation here is analogous to

4

*Dremco*. Further in *Dremco* the complaint was dismissed with prejudice with the court stating that it was "deeply troubled" by plaintiff's response, or lack thereof, for why it filed a RICO action. *Dremco, Inc. v. Diver*, 2013 WL 1873917, at *8 (N.D. Ill. May 3, 2013). Here, while the Court found issues with the Amended Complaint, as discussed in detail in the prior Opinion, the Court did not dismiss with prejudice and instead gave Plaintiff an opportunity to amend—although with the cautionary note that "Plaintiff and his counsel [were] encouraged to consider their Rule 11 obligations." [58] at 27. But simply reminding a party of its Rule 11 obligations when dismissing without prejudice is not equivalent to the dismissal with prejudice, or the associated rhetoric, found in *Dremco*.

QPWB Defendants and EM3 Defendants also ask this Court to consider the state law claims as another basis for finding improper motives. However, the Court did not rule on the merits of the state law claims after dismissing the federal RICO claims, as it declined to exercise supplemental jurisdiction. In their brief, the QPWB Defendants provide only a cursory argument that lacks any citation to precedential case law, which the EM3 Defendants then simply incorporate by reference in their motion. [61] at 13–14; [64] at 12. Such perfunctory arguments are waived and the Court will not consider them. *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.") (citing *United States v. Hook*, 471 F.3d 766, 775 (7th Cir. 2006)).

Lastly, Defendants argue that sanctions should be granted because Plaintiff's RICO claims were not warranted by existing law or facts. The Court discussed at length the issues with Plaintiff's RICO claims in the Amended Complaint and ultimately found Plaintiff failed to state a plausible claim. The complaint was confusing and conclusory. But that alone does not warrant the granting of Rule 11 sanctions. Rule 11 does not operate as a "fee-shifting measure" or allow for any prevailing party on a motion to dismiss to bring sanctions. *Cooney v. Casady*, 735 F.3d 514, 523 (7th Cir. 2013); *Mazurek*, 110 F.4th at 942 ("[L]osing a legal challenge or motion, by itself, is not a reason for sanctions."). Rather, Rule 11 sanctions are a "tool that must be used with utmost care and caution." *Fed. Deposit Ins. Corp.*, 847 F.2d at 444. Defendants have failed to meet the high burden to establish they are entitled to Rule 11 sanctions.

## Conclusion

For the reasons stated above, Defendants' motions for sanctions [61] [62] [64] are denied.

**SO ORDERED.**

Dated: October 6, 2025

_____

Sunil R. Harjani
United States District Judge